

**ORDERED in the Southern District of Florida on January 31, 2018.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                                    CASE NO.: 17-24842-BKC-RAM
                                                                                           Chapter 11
**SKYPATROL, LLC**

      Debtor-In-Possession.
_____/

**FINAL ORDER GRANTING DEBTOR'S EMERGENCY MOTION TO ALLOW DEBTOR TO MAINTAIN PREPETITON BANK ACCOUNT FOR PURPOSES OF RECEIVING WIRE TRANSFERS AND PAYMENT REMITTANCES FROM EXISTING CUSTOMERS**

**THIS CAUSE** having come before the Court on January 24, 2018, at 9:30 a.m., upon the Debtor's Emergency Motion to Allow Debtor to Maintain Prepetition Bank Account for Purposes of Receiving Wire Transfers and Payment Remittances from Existing Customers (the "Motion") [ECF 19], and the Court, having reviewed the Motion and the file, having heard argument of counsel at the hearing, having noted that no objection to the Motion was filed or made at the hearing, and for the reasons set forth on the record, it is

CASE NO.: 17-24842-BKC-RAM

**ORDERED** as follows:

1. The Motion is **GRANTED**.

2. The Debtor is authorized to maintain its pre-petition account at City National Bank for the sole purpose of receiving customer payments into the account via wire transfer and/or payment remittances. Thereafter, at least once a month, the Debtor shall sweep any funds in the City National Bank account into the debtor in possession account at East West Bank; provided, however, that: (i) in the event the balance in the City National Bank account exceeds $25,000.00, the funds in the account shall immediately be swept into the debtor in possession account at East West Bank; and (ii) the Debtor may maintain the required minimum balance in the City National Bank account in order to avoid the automatic closure of said account.

3. No checks or other transactions other than those stated in paragraph two of this Order are authorized or allowed without prior motion and hearing before this Court.

4. This Court retains exclusive jurisdiction to (i) enforce, implement and interpret the terms of this Order and (ii) resolve any all disputes, controversies or claims arising out of or relating to this Order.

# # #

**Submitted By:**
Joel L. Tabas
Florida Bar No. 516902
Proposed Counsel for the Debtor
25 S.E. 2nd Avenue, Suite 248
Miami, Florida 33131
Telephone:   (305) 375 8171
Facsimile:    (305) 381 7708
E mail: jtabas@tabassoloff.com

Attorney Joel L. Tabas is directed to serve copies of this Order on all interested parties and file a Certificate of Service.