UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                    CASE NO.: 17-24842-BKC-RAM
                                                                               Chapter 11
**SKYPATROL, LLC**
TID #81-0911864

                 Debtor.
_____/

Skypatrol, LLC                                           ADV. CASE NO.: _____

                 Plaintiff,

v.

EXPRESSWAY MOTORS, INC.
a Florida Corporation,

                 Defendant.
_____/

## ADVERSARY COMPLAINT FOR INJUNCTIVE RELIEF

The Plaintiff, Skypatrol, LLC ("Debtor"), through undersigned counsel, hereby sues

the defendant, Expressway Motorcars, Inc., a Florida corporation d/b/a Toyota of South

Florida ("Expressway" or the "Defendant"), and states as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(a)

and (b)(1), 1334(a) and (b), and the United States District Court Southern District of

Florida's Order of Reference.

2.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and

(G), and pursuant to 28 U.S.C. § 157(b)(1) this Court is authorized and empowered to

hear and determine this case and enter appropriate orders and judgments, subject to review under 28 U.S.C. § 158.

3.      The statutory predicates in support of the relief requested is 11 U.S.C. §§ 105 and 362, and Federal Rules of Bankruptcy Procedure 7001(7) and 7065.

4.      Venue in this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## THE PARTIES

5.      The Plaintiff is a Delaware limited liability company operating its business in Miami, Florida, as a debtor-in-possession in the above-styled Chapter 11 proceeding (the "Bankruptcy Case").

6.      The Defendant is a Florida corporation with its principal place of business in the State of Florida.

## BACKGROUND

7.      The Debtor was formed as a Delaware limited liability company on December 3, 2015.

8.      Debtor's core business is the distribution of GPS tracking devices to fleet businesses, power sport businesses and law enforcement.

9.      Prior to formation of the Debtor, the business now being conducted by the Debtor was conducted by Skypatrol, LLC, a Florida limited liability company ("Skypatrol Florida"), an entity owned and operated by the parties that own and operate the Debtor.

10.     On December 31, 2015, shortly after formation of the Debtor and almost two years prior to the Petition Date (defined below), Skypatrol Florida sold and transferred all of its tangible and intangible assets to the Debtor.   Although certain assets of minor value and certain liabilities were excluded from that initial sale transaction, Skypatrol Florida later transferred all such excluded assets and liabilities to the Debtor (collectively, the "Sale Transaction").

11.     In connection with and as part of the Sale Transaction, the Debtor assumed all liabilities of Skypatrol Florida (herein, "Debtor's Assumption of Skypatrol Florida Liabilities").

12.     In connection with and as part of the Sale Transaction, the Debtor took control over and continued Skypatrol Florida's business operations, from the same corporate headquarters formally occupied by Skypatrol Florida, located at 3055 N.W. 84th Avenue, Doral, Florida 33122.

13.     At all relevant times, Robert D. Rubin ("Rubin") has served as the CEO of both Skypatrol Florida and the Debtor.

14.     Pursuant to Section 11.b. of the Employment Agreement entered into between Rubin and Skypatrol Florida dated January 1, 2016 (the "Employment Agreement"), the Debtor agreed to indemnify and hold harmless Rubin "from all claims, losses, costs, expenses, actions, and causes of action, including reasonable attorneys' fees … arising out of or by reason of his employment by the [Debtor]" (herein, the "Employment Agreement Indemnity Agreement").

15.     Pursuant to Section 13.2 of the Limited Liability Company Agreement of Skypatrol, LLC dated December 31, 2015 (the "Operating Agreement"), the Debtor agreed to indemnify and hold harmless Rubin, in his capacity as an officer of the Debtor, "from and against any loss, expense, damage or injury suffered or sustained by [Rubin] by reason of any acts or omissions arising out of [Rubin's] activities on behalf of the [Debtor], including any judgment, award, settlement, reasonable attorneys' fees and other costs or expenses incurred in connection with the defense of any actual or threatened action …." (herein, the "Operating Agreement Indemnity Agreement", and together with the Employment Agreement, the "Debtor Indemnity Agreements").

16.     On or about May 19, 2017, Expressway filed a Complaint for Damages against Skypatrol Florida and Rubin in the Circuit Court of the 11th Judicial District, in and for Miami-Dade County, Florida, styled Expressway Motorcars, Inc., v. Skypatrol, LLC, et al., Case No. 17-012038-CA (15) (the "Expressway Litigation").

17.     The Complaint filed by Expressway in the Expressway Litigation (the "Expressway Complaint") alleges that Expressway did business with Skypatrol Florida from on or about October 2012 through the latter part of 2016 (the "Period of Doing Business"), and in connection therewith, Skypatrol Florida sold worthless devices to Expressway and Skypatrol Florida and Rubin made intentional misrepresentations to Expressway concerning the devices.

18.     The Expressway Complaint seeks entry of judgement against Skypatrol Florida and Rubin in the amount of Expressway's provable losses.

19.	On December 13, 2017 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing the Bankruptcy Case.

20.	In the Bankruptcy Case, the Debtor included Expressway on its list of creditors with nonpriority, unsecured claims, thereby acknowledging the Debtor's liability for any amounts that Expressway might recover on Expressway's claims in the Expressway Litigation.   *See* Debtor's Amended Schedules, p. 11 [ECF 6].

## COUNT I – INJUNCTIVE RELIEF AGAINST DEFENDANT

21.	Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 20 of this Adversary Complaint as if fully set forth herein.

22.	Due to the circumstances of the Debtor's takeover of Skypatrol Florida's business, the liabilities of Skypatrol Florida might be imputed to the Debtor by operation of law, so as to create an identity of interests between the Debtor and Skypatrol Florida with respect to the claims and liabilities at issue in the Expressway Litigation.

23.	Because the Period of Doing Business at issue in the Expressway Litigation includes a substantial period after the date that the Debtor took over Skypatrol Florida's business, the interests and affairs of Skypatrol Florida and Rubin at issue in the Expressway Litigation are inextricably interwoven with the interests and affairs of the Debtor.

24.	Due to Debtor's Assumption of Skypatrol Florida Liabilities, there is an identity of interests between the Debtor and Skypatrol Florida with respect to the claims and liabilities at issue in the Expressway Litigation.

25.	As a consequence of the Debtor Indemnity Agreements, there is an identity

of interests between the Debtor and Rubin with respect to claims and liabilities at issue in the Expressway Litigation

26.     Accordingly, the Debtor is the real party in interest in the Expressway Litigation and the suit against Skypatrol Florida and Rubin is essentially a suit against the Debtor.

27.     Even though the Debtor is not a named defendant in the Expressway Litigation, all issues and facts relevant to Expressway's claims against Skypatrol Florida and/or Rubin in the Expressway Litigation are issues and facts that would be relevant to any claims that Expressway might make against the Debtor; and thus all findings and rulings entered in the Expressway Litigation might have a preclusive effect with respect to claims that Expressway might bring against the Debtor.

28.     All discovery sought by Expressway in the Expressway Litigation – with respect to Expressway's claims against either Skypatrol Florida or Rubin – will pertain to the Debtor and its business records, officers and employees; and thus continuation of the Expressway Litigation will impose a substantial burden on the Debtor and interfere with the Debtor's bankruptcy proceedings.

29.     For the foregoing reasons, if the Expressway Litigation is not stayed, Debtor will be forced to participate in the Expressway Litigation proceeding as if the Debtor were a defendant in the Expressway Litigation, indirectly circumventing the purposes and protections given the Debtor pursuant to 11 U.S.C. § 362(a).

30.     For the foregoing reasons, continuation of the Expressway Litigation will irredeemably harm the Debtor's bankruptcy estate and interfere with the bankruptcy proceedings.

**WHEREFORE**, Plaintiff respectfully requests that this Court find judgment in its favor, and: (1) issue temporary, preliminary and permanent injunctive relief, enjoining the Defendant, Expressway Motorcars, Inc., from continued prosecution of the Expressway Litigation or otherwise pursuing its claims against Skypatrol Florida and Robert Rubin pending further action by this Court; and (2) grant such other and further relief as the Court deems just and proper.

Date this 16th day of February, 2018.

Respectfully submitted,

/s/ Joel L. Tabas
Joel L. Tabas
Florida Bar No. 516902
TABAS & SOLOFF, P.A.
Attorneys for Debtor
25 Southeast Second Avenue, Suite 248
Miami, Florida 33131
Telephone: (305) 375-8171
Telefax: (305) 381-7708
jtabas@tabassoloff.com