

**ORDERED in the Southern District of Florida on April 20, 2018.**

_____
**Robert A. Mark, Judge
United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                                           CASE NO.: 17-24842-BKC-RAM
                                                                                                Chapter 11
**SKYPATROL, LLC**

     Debtor-In-Possession.
_____/

**ORDER GRANTING DEBTOR'S EXPEDITED MOTION TO (1) APPROVE INTERIM AGREEMENT BETWEEN DEBTOR AND VBI GROUP LLC AND (2) AUTHORIZE VBI GROUP LLC TO PAY PREPETITION OBLIGATION TO CRITICAL VENDOR**

**THIS MATTER** having come before the Court on April 19, 2018 at 10:30 a.m. (the "Hearing") upon the *Debtor's Expedited Motion to (1) Approve Interim Agreement Between Debtor and VBI Group LLC and (2) Authorize VBI Group LLC to Pay Prepetition Obligation to Critical Vendor* [ECF 79] (the "Motion"), and the Court: (a) having reviewed (i) the Motion, (ii) the Interim Agreement[1] attached as Exhibit "A" to the Motion, (iii) the *Response by the "Lenders Trust" to Debtor's Expedited Motion to (1)*

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

*Approve Interim Agreement Between Debtor and VBI Group LLC and (2) Authorize VBI Group LLC to Pay Prepetition Obligation to Critical Vendor* [ECF 85] and (iv) the Court file; (b) having heard argument from counsel for (i) the Debtor, (ii) the Trust for Trebuchet Corp., Isabelle Catherine Leeds Trust, and Oliver Williams Leeds Trust (collectively, the "Lenders Trust"), and (iii) VBI at the Hearing; (c) having noted no objection to the Motion or Interim Agreement by the Creditor Committee or the United States Trustee; and (d) for the reasons set forth on the record, which are incorporated herein by reference, it is

**FOUND AND DETERMINED THAT:**

    A.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and authority to enter this Order pursuant to 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 9019.

    B.    In light of the entry of the *Order Granting Debtor's Ex Parte Motion to Shorten Notice Period for Hearing on Debtor's Expedited Motion to (1) Approve Interim Agreement Between Debtor and VBI Group, LLC and (2) Authorize VBI Group LLC to Pay Prepetition Obligation to Critical Vendor* [ECF 81], the form and means of the notice of the Interim Agreement and the Motion are hereby determined to have been the best notice practicable under the circumstances and to be good and sufficient notice to all persons whose interests would or could be affected by this Order.

    C.    The legal and factual bases set forth in the Motion establish that the Interim Agreement, as modified: (a) on the record at the Hearing; (b) by this Order, represents a fair, reasonable, and adequate interim resolution of the matter in dispute amongst the Debtor and VBI, and in light thereof, the Court finds that the Interim Agreement is fair and equitable with respect to creditors in this bankruptcy case, and is

in the best interest of this bankruptcy estate and otherwise meets the criteria set forth in *Wallis v. Justice Oaks II, Ltd.* (In re *Justice Oaks II, Ltd.*), 898 F.2d 1544 (11th Cir. 1990).

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion, as modified: (a) on the record at the Hearing; and (b) by this Order, is granted.

2. The Interim Settlement is approved on the terms and conditions set forth in the Interim Agreement, with the following modifications:

    a. Paragraph 1 of the Interim Agreement (titled "Telecommunication Carrier Payments") is modified to reflect that as of the date of the Interim Agreement, Vodafone was owed $84,805.60.[2] Accordingly, immediately upon entry of the Final Order, VBI shall pay $84,805.60 to Vodafone along with the other Interim Settlement Payments set forth in the Interim Agreement.

    b. After the date of the Interim Agreement, but prior to the Hearing, an additional invoice in the amount of $14,084.67 became due and owing to Vodafone (the "April Invoice"). Accordingly, immediately upon entry of the Final Order, VBI shall pay an additional $12,066.34 to Vodafone (85.67% of the April Invoice) and the Debtor shall pay $2,018.33 to Vodafone (14.33% of the April Invoice) pursuant to Paragraph 4 of the Interim Agreement (titled "Ongoing Payments to Carriers").

---

[2] The Interim Agreement incorrectly stated that Vodafone was owed $72,901.19 as of the date of the Interim Agreement.

CASE NO.: 17-24842-BKC-RAM

3. The Court incorporates the terms of the Interim Agreement, as modified: (a) on the record at the Hearing; and (b) by this Order, into this Order and retains jurisdiction to enforce or interpret the terms thereof.

4. VBI is authorized to pay the prepetition claim of Vodafone, provided that Vodafone continues to provide services to the Debtor in accordance with the terms of the M2M Agreement between the Debtor and Vodafone Global Enterprises Limited.

5. The Lenders Trust reserves its rights to seek a post-petition administrative claim for any funds offset against the Note.

# # #

Submitted by:

Joshua D. Silver
Tabas & Soloff, P.A.
Counsel for the Debtor
25 S.E. 2nd Avenue, Suite 248
Miami, Florida 33131
Telephone: (305) 375-8171
Facsimile: (305) 381-7708
Email:  jsilver@tabassoloff.com

Copy furnished to:

Joshua D. Silver
Joshua D. Silver is hereby directed to serve copies of this Order on all interested parties and file a Certificate of Service.