UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                              CASE NO.: 17-24842-BKC-RAM
                                                    Chapter 11
**SKYPATROL, LLC**

      Debtor-In-Possession.

_____/

### DEBTOR'S MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY BETWEEN THE DEBTOR, SKYPATROL FLORIDA, ROBERT RUBIN, DAVID TOPP AND LAIRD TECHNOLOGIES, INC.

**Any interested party who fails to file and serve a written response to this Motion within 21 days after the date of service stated in this Motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this Motion. Any scheduled hearing may then be canceled.**

Skypatrol, LLC, a Delaware limited liability company (the "Debtor"), through undersigned counsel, and pursuant to Federal Rules of Bankruptcy Procedure 9019 and Local Rule 9013-1(D), files this Motion to Approve Stipulation to Compromise Controversy Between the Debtor, Skypatrol Florida, Robert Rubin, David Topp and Laird Technologies, Inc. (the "Motion"), and as good cause therefor, states as follows:

### I. Background

1.      On or around December 3, 2015, the Debtor was formed as a Delaware limited liability company authorized to conduct business in Florida.  Prior to the formation of the Debtor, the business now being conducted by the Debtor was conducted by Skypatrol, LLC, a Florida limited liability company ("Skypatrol Florida").

2.      On or around December 31, 2015, Skypatrol Florida sold and transferred all of its tangible and intangible assets to the Debtor.

3.     On June 23, 2017, Laird Technologies, Inc. ("Laird") filed a Complaint against Skypatrol Florida in the United States District Court for the Eastern District of Missouri, styled Laird Technologies, Inc., v. Skypatrol, LLC, et al., Case No. 4:17-cv-01788-CAS (the "Laird Litigation").

4.     The invoices attached to the Complaint and the amendments thereto are dated from October 30, 2015 to September 1, 2016, which includes a substantial period after the date that the Debtor took over Skypatrol Florida's business

5.     On August 25, 2017, Skypatrol Florida filed counterclaims against Laird in the Laird Litigation, including: (i) breach of contract/express warranty; (ii) negligent misrepresentation; and (iii) promissory estoppel (the "Skypatrol Claims").

6.     On December 13, 2017 (the "Petition Date"), the Debtor filed its voluntary Chapter 11 petition in the United States Bankruptcy Court, Southern District of Florida (the "Bankruptcy Court").

7.     On February 21, 2018, Laird filed its Third Amended Complaint in the Laird Litigation alleging, inter alia, that: (i) Laird and Skypatrol Florida entered into a sale of goods contract pursuant to which Laird agreed to sell and Skypatrol Florida agreed to buy specific goods, including a number of tracking devices and related accessories (the "Sales Agreement"); (ii) Laird and Skypatrol Florida entered into a Credit Agreement in order for Skypatrol Florida to obtain goods on credit from Laird (the "Credit Agreement"); (iii) Laird sent invoices to Skypatrol Florida for the goods that it supplied to Skypatrol Florida; (iv) invoices remain unpaid and Skypatrol Florida owes Laird the sum of $2,430,174.00 on account of the unpaid invoices; (v) overdue accounts are subject to monthly service charges of one and one half percent (1½%) per month pursuant to the

Credit Agreement; (vi) Skypatrol Florida breached the Sales Agreement with Laird by failing to pay all monies owed when due; (vii) David Topp ("Topp") and Robert Rubin ("Rubin") are personally liable, joint and severally, for the amounts owed to Laird, under the equitable doctrine of veil piercing; (viii) VBI Group LLC, a Delaware limited liability company doing business as Skypatrol USA, is a mere continuation of Skypatrol Florida and as such, is jointly and severally liable for the amounts owed to Laird; and (iv) Laird is entitled to a collection fee of up to forty percent (40%) under the terms of the Credit Agreement (collectively, the "Laird Claims").

8.      The Debtor included Laird on its list of creditors with a nonpriority, unsecured and disputed claim that is subject to offset, and on April 19, 2018, Laird filed a proof of claim with the Court in the amount of $5,153,583.67 [Claim 12-1] (the "POC").

9.      The Settling Parties[1], each with the benefit of counsel, and after a thorough analysis by each party of, among other things, the probabilities of success on the Skypatrol Claims and the Laird Claims, determined to reach a compromise relating to the matters in dispute to avoid further expense, inconvenience and burden of protracted litigation.   No party admits the validity of any claim or defense, of any wrongdoing, or liability.

10.     In view of the cost of trying this matter to conclusion, the risks associated with trial, and in light of the information provided by each of the Settling Parties, the Debtor believes that the settlement as described in the Stipulation is in the best interest of the Estate, the creditors and all parties in interest, and, accordingly, has entered into

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Stipulation to Compromise Controversy Between the Debtor, Skypatrol Florida, Robert Rubin, David Topp and Laird Technologies, Inc. attached hereto as Exhibit "A" ("the Stipulation").

the Stipulation, a true and correct copy of which is attached hereto as Exhibit "A" and incorporated by reference.

## II. Summary of Proposed Settlement[2]

11.     By virtue of the Stipulation, the Settling Parties have reached a compromise and settlement which resolves the matters specified in the Stipulation (the "Settlement"), the material terms of which are as follows:

A.     Subject to the entry of the Final Settlement Order (as defined in the Stipulation), Laird shall be entitled to an allowed general unsecured non-priority claim in the amount of $1,930,000.00 in this case (the "Allowed Claim") in full and final satisfaction of all claims that were asserted or that could have been asserted against the Debtor and Skypatrol Florida, including, but not limited to, the Laird Claims;

B.     Upon entry of the Final Settlement Order, Laird shall amend its POC to the amount of the Allowed Claim;

C.     Upon entry of the Final Settlement Order, Laird and Skypatrol Florida shall jointly dismiss the Laird Litigation without prejudice and no action can be brought by Laird against Rubin and/or Topp so long as the Bankruptcy Case remains pending;

D.     Upon entry of the Final Settlement Order, any and all applicable statutes of limitation and statutes of repose shall be tolled with respect to (i) any and all claims against Rubin and/or Topp that Laird may possess,

---

[2] The following is a summary of the salient terms of the Stipulation; however, the Stipulation controls and it is therefore strongly recommended that parties review the Stipulation attached hereto as Exhibit "A."

and (ii) any and all claims and/or defenses against Laird that Rubin and/or Topp may possess, which either Rubin and/or Topp, on the one hand, or Laird, on the other hand, may assert against the other in any action or proceeding arising out of or related to the Skypatrol Claims and/or the Laird Claims (the "Tolling Agreements"); and

E.      The Tolling Agreements shall immediately terminate upon entry of an order in the Bankruptcy Case either: (i) confirming a plan, or (ii) converting this case to a case under Chapter 7, and any recovery by Laird against Rubin and/or Topp shall be limited to any distributions to Laird on account of the Allowed Claim.  In the event that the Bankruptcy Case is dismissed (the "Dismissal Date"), the period between the date that the Settlement Order becomes final and the Dismissal Date shall not be included in determining the applicability of any statute of limitations, state of repose, laches or any defenses based upon the lapse of time, whether or not any of the foregoing arise under state or federal law in any action or proceeding brought between Laird, on the one hand, and any of Rubin, Topp, Skypatrol Florida or the Debtor, on the other hand.

12.      In addition, the Stipulation contains mutual releases, as set forth in Paragraphs 8 and 9 of the Stipulation, in which Laird, on the one hand, and the Debtor, Skypatrol Florida, Topp and Rubin, on the other, mutually release each other from, *inter alia*, any and all claims that arise from or are related to: (a) the Laird Litigation; (b) the

Sales Agreement, and any amendments thereto; (c) the Credit Agreement, and any amendments thereto; and (d) the Bankruptcy Case.[3]

### III. Legal Standard for Settlement Approval

13.     Bankruptcy Rule 9019(a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."

14.     As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.) (citing *Rivercity v. Herpel* (*In re Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

15.     The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.*, 762 F.2d 189; *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983)).

16.     The Eleventh Circuit, in *In re Justice Oaks II. Ltd.*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied,* 498 U.S. 959 (1990), sets forth the following four factors to assist bankruptcy courts in determining whether to approve a settlement or compromise:

---

[3] The releases specifically exclude and do not affect: (i) the Settling Parties obligations to one another pursuant to the Stipulation; (ii) the obligations created by the Tolling Agreements; and (iii) the rights and obligations related to the Allowed Claim.

(a)    the probability of success in the litigation;

(b)    the difficulties, if any, to be encountered in the matter of collection;

(c)    the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

(d)    the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II. Ltd.)*, 898 F.2d 1544 (11th Cir. 1990). *See Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air*, 85 B.R. 891.

17.    The Debtor believes that the proposed Settlement meets the standards set forth in *In re Justice Oaks II*, and therefore, recommends approval of the Settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the estate and its creditors because the Settlement (i) substantially reduces the amount of claims filed in this case, thereby increasing the distribution available for the other general unsecured creditors and (ii) precludes the substantial expense and inconvenience the Debtor would have incurred attending to litigation in Missouri and any risks associated with litigation.

18.    Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit "B."

**WHEREFORE**, the Debtor respectfully requests this Honorable Court enter an Order: (1) granting the instant Motion; (2) approving the Stipulation and all terms contained therein; (3) finding that due and proper notice of the Settlement and this Motion were given; and (4) granting such other and further relief as this Court deems just and proper.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished on May 7, 2018, to the parties who are currently on the list to receive e-mail notice/service for this case, and via U.S. Mail to all interested parties on the attached service list.

Respectfully submitted,

/s/ Joshua D. Silver
Joel L. Tabas
Florida Bar No. 516902
Joshua D. Silver
Florida Bar No. 100022
TABAS & SOLOFF, P.A.
Attorneys for Debtor
25 SE Second Avenue, Suite 248
Miami, Florida 33131
Telephone: (305) 375-8171
Facsimile: (305) 381-7708
Email: jtabas@tabassoloff.com
Email: jsilver@tabassoloff.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                      CASE NO.: 17-24842-BKC-RAM
                                            Chapter 11
**SKYPATROL, LLC**

     Debtor-In-Possession.

_____/

### STIPULATION TO COMPROMISE CONTROVERSY BETWEEN THE DEBTOR, SKYPATROL FLORIDA, ROBERT RUBIN, <u>DAVID TOPP AND LAIRD TECHNOLOGIES, INC.</u>

This Stipulation to Compromise Controversy Between the Debtor, Skypatrol Florida, Robert Rubin, David Topp and Laird Technologies, Inc. (the "Stipulation"), is entered into by and between Skypatrol, LLC, a Delaware limited liability company (the "Debtor"), Skypatrol, LLC, a Florida limited liability company ("Skypatrol Florida"), Robert Rubin ("Rubin") and David Topp ("Topp"), on the one hand, and Laird Technologies, Inc. ("Laird," and together with the Debtor, Skypatrol Florida, Rubin and Topp, the "Settling Parties"[1]), on the other.

### RECITALS

**WHEREAS**, on December 13, 2017 (the "Petition Date"), the Debtor filed its voluntary Chapter 11 petition (the "Bankruptcy Case");

**WHEREAS**, on or around December 3, 2015, the Debtor was formed as a Delaware limited liability company authorized to do business in Florida;

**WHEREAS**, prior to formation of the Debtor, the business now being conducted by the Debtor was conducted by Skypatrol Florida;

---

[1] For the purposes of this Stipulation, the singular shall include the plural and *vice versa*.



**EXHIBIT "A"**

**WHEREAS**, Skypatrol Florida is owned and operated by the same parties that own and operate the Debtor;

**WHEREAS**, on or around December 31, 2015, shortly after formation of the Debtor and almost two years prior to the Petition Date, Skypatrol Florida sold and transferred all of its tangible and intangible assets to the Debtor (collectively, the "Sale Transaction");

**WHEREAS**, on June 23, 2017, Laird filed a Complaint against Skypatrol Florida in the United States District Court for the Eastern District of Missouri, styled Laird Technologies, Inc., v. Skypatrol, LLC, et al., Case No. 4:17-cv-01788-CAS (the "Laird Litigation");

**WHEREAS**, on August 25, 2017, Skypatrol Florida filed counterclaims against Laird in the Laird Litigation, including: (i) breach of contract/express warranty; (ii) negligent misrepresentation; and (iii) promissory estoppel (the "Skypatrol Claims");

**WHEREAS**, Laird expressly denies any liability or wrongdoing and has asserted certain defenses to the Skypatrol Claims;

**WHEREAS**, on February 21, 2018, Laird filed its Third Amended Complaint in the Laird Litigation alleging, *inter alia*, that: (i) Laird and Skypatrol Florida entered into a sale of goods contract pursuant to which Laird agreed to sell and Skypatrol Florida agreed to buy specific goods, including a number of tracking devices and related accessories (the "Sales Agreement"); (ii) Laird and Skypatrol Florida entered into a Credit Agreement in order for Skypatrol Florida to obtain goods on credit from Laird (the "Credit Agreement"); (iii) Laird sent invoices to Skypatrol Florida for the goods that it supplied to Skypatrol Florida; (iv) invoices remain unpaid and Skypatrol Florida owes

2

Laird the sum of $2,430,174.00 on account of the unpaid invoices; (v) overdue accounts are subject to monthly service charges of one and one half percent (1½%) per month pursuant to the Credit Agreement; (vi) Skypatrol Florida breached the Sales Agreement with Laird by failing to pay all monies owed when due; (vii) Topp and Rubin are personally liable, joint and severally, for the amounts owed to Laird, under the equitable doctrine of veil piercing; (viii) VBI Group LLC, a Delaware limited liability company doing business as Skypatrol USA, is a mere continuation of Skypatrol Florida and as such, is jointly and severally liable for the amounts owed to Laird; and (iv) Laird is entitled to a collection fee of up to forty percent (40%) under the terms of the Credit Agreement (collectively, the "Laird Claims");

WHEREAS, the Debtor, Skypatrol Florida, Rubin and Topp each expressly deny any liability or wrongdoing and have asserted certain defenses to the Laird Claims;

WHEREAS, the invoices attached to the Complaint and the amendments thereto are dated from October 30, 2015 to September 1, 2016, which includes a substantial period after the date that the Debtor took over Skypatrol Florida's business;

WHEREAS, in the Bankruptcy Case, the Debtor included Laird on its list of creditors with a nonpriority, unsecured and disputed claim that is subject to offset;

WHEREAS, on April 19, 2018, Laird filed a proof of claim with the Court in the amount of $5,153,583.67 [Claim 12-1] (the "POC");

WHEREAS, the Settling Parties participated in good faith, arm's-length negotiations, without collusion, while represented by separate and independent counsel; and

3

**WHEREAS**, in light of information provided by each of the Settling Parties, the Settling Parties wish to avoid the costs and uncertainties attendant to litigation and accordingly have agreed to settle the Skypatrol Claims and the Laird Claims on the terms and conditions set forth herein.

**AGREEMENT**

**NOW, THEREFORE**, in consideration of the foregoing, the mutual covenants and considerations set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Settling Parties agree to the following terms and conditions:

1.        **RECITALS INCORPORATED**: The Settling Parties agree that the above recitals are true and correct and are incorporated herein.

2.        **AGREED TREATMENT OF LAIRD'S CLAIM**: Subject to entry of the Final Settlement Order (as defined in Paragraph 6 below), the Settling Parties agree that Laird shall be entitled to an allowed general unsecured non-priority claim in the amount of $1,930,000.00 in the Bankruptcy Case (the "Allowed Claim") in full and final satisfaction of all claims that were asserted or that could have been asserted against the Debtor and Skypatrol Florida, including, but not limited to, the Laird Claims.  Upon entry of the Final Settlement, Laird shall amend its POC to the amount of the Allowed Claim (the "Amended POC").

3.        **DISMISSAL AND STAY OF DISTRICT COURT LITIGATION**:  Upon the Bankruptcy Court entering an order approving the settlement (the "Settlement Order") as set forth in this Stipulation and such order becoming final, Laird and Skypatrol Florida

4

shall jointly dismiss the Laird Litigation without prejudice and no action can be brought by Laird against Rubin and/or Topp so long as the Bankruptcy Case remains pending.

4.        **TOLLING OF DEADLINES AGAINST RUBIN AND TOPP**: Upon the Settlement Order becoming final, any and all applicable statutes of limitation and statutes of repose shall be tolled with respect to (i) any and all claims against Rubin and/or Topp that Laird may possess, and (ii) any and all claims and/or defenses against Laird that Rubin and/or Topp may possess, which either Rubin and/or Topp, on the one hand, or Laird, on the other hand, may assert against the other in any action or proceeding arising out of or related to the Skypatrol Claims and/or the Laird Claims (the "Tolling Agreements"). The Tolling Agreements shall immediately terminate upon entry of an order in the Bankruptcy Case either: (i) confirming a plan, or (ii) converting this case to a case under Chapter 7, and any recovery by Laird against Rubin and/or Topp shall be limited to any distributions to Laird on account of the Allowed Claim.  In the event that the Bankruptcy Case is dismissed (the "Dismissal Date"), the period between the date that the Settlement Order becomes final and the Dismissal Date shall not be included in determining the applicability of any statute of limitations, state of repose, laches or any defenses based upon the lapse of time, whether or not any of the foregoing arise under state or federal law in any action or proceeding brought between Laird, on the one hand, and any of Rubin, Topp, Skypatrol Florida or the Debtor, on the other hand.

5.        **BANKRUPTCY COURT APPROVAL**:  Upon execution of this Stipulation, the Debtor shall file a motion in the Bankruptcy Court for the entry of an order approving this Stipulation.

6.        **CONDITIONS PRECEDENT**: The Settling Parties agree that the enforceability of this Stipulation is subject to the entry of Settlement Order and such order becoming final (the "Final Settlement Order").  In the event that the Bankruptcy Court approves this Stipulation but a timely appeal is taken therefrom, there is no Final Settlement Order until the appeal has been resolved with finality and the Bankruptcy Court's approval of this Stipulation has been affirmed by a final ruling of any reviewing court from which no further appeal is taken.

7.        **EFFECT OF NON-ENTRY OF FINAL SETTLEMENT ORDER**:  In the event this Stipulation is not approved by the Bankruptcy Court or any appeal of a Bankruptcy Court order approving this Stipulation results in a ruling that does not affirm the Bankruptcy Court's approval, this Stipulation, including the releases set forth in Paragraphs 8 and 9 of this Stipulation, shall be deemed null and void *ab initio*.

8.        **RELEASE BY THE DEBTOR, SKYPATROL FLORIDA,  RUBIN AND TOPP**: Effective upon entry of the Final Settlement Order, and in consideration for the settlement herein outlined and the covenants contained in this Stipulation, the Debtor, Skypatrol Florida, Rubin and Topp hereby release, acquit and forever discharge, and shall be deemed (without any further action on the part of any parties hereto) to have released, acquitted, and forever discharged Laird and its officers, directors, shareholders, employees, agents, attorneys, accountants, and representatives, and their respective heirs, successors and assigns, jointly and severally, from any and all claims, counterclaims, avoidance actions, demands, debts, damages, agreements, covenants, suits, contracts, obligations, objections, liabilities, accounts, offsets, rights, actions and causes of action, whether arising at law or in equity, whether presently

6

accrued or to accrue hereafter, that arise from or are related to: (a) the Laird Litigation; (b) the Sales Agreement, and any amendments thereto; (c) the Credit Agreement, and any amendments thereto; and (d) the Bankruptcy Case, including, without limitation, the Skypatrol Claims.  This release specifically excludes and does not affect: (i) the Debtor, Skypatrol Florida, Rubin and Topp's obligations to Laird pursuant to this Stipulation; (ii) the obligations created by the Tolling Agreements; and (iii) the rights and obligations related to the Allowed Claim.  Notwithstanding anything to the contrary provided herein, the treatment of Laird's claims against Rubin and/or Topp shall be governed according to the provisions of Paragraph 4, above.

9.        **RELEASE BY LAIRD**:  Effective upon entry of the Final Settlement Order, and in consideration for the settlement herein outlined and the covenants contained in this Stipulation, Laird hereby releases, acquits and forever discharges, and shall be deemed (without any further action on the part of any parties hereto) to have released, acquitted, and forever discharged Rubin, Topp, the Debtor, Skypatrol Florida and their respective officers, directors, shareholders, employees, agents, attorneys, accountants, and representatives, and their respective heirs, successors and assigns, jointly and severally, from any and all claims, counterclaims, avoidance actions, demands, debts, damages, agreements, covenants, suits, contracts, obligations, objections, liabilities, accounts, offsets, rights, actions and causes of action, whether arising at law or in equity, whether presently accrued or to accrue hereafter, that arise from or are related to: (a) the Laird Litigation; (b) the Sales Agreement, and any amendments thereto; (c) the Credit Agreement, and any amendments thereto; and (d) the Bankruptcy Case, including, without limitation, the Laird Claims.  This release specifically excludes and

does not affect (i) Laird's obligations to the Debtor, Skypatrol Florida, Rubin and Topp pursuant to this Stipulation; (ii) the obligations created by the Tolling Agreements; and (iii) the rights and obligations related to the Allowed Claim.  Notwithstanding anything to the contrary provided herein, the treatment of Laird's claims against Rubin and/or Topp shall be governed according to the provisions of Paragraph 4, above.

10.        **NOTICES**:  All notices to be sent and information to be provided under this Stipulation shall be sent to the following addresses:

a.        For the Debtor:
Joel L. Tabas, Esquire
Joshua D. Silver, Esquire
Tabas & Soloff, P.A.
25 S.E. 2nd Avenue, Suite 248
Miami, FL 33131
Tel: (305) 375-8171
E-mail: jtabas@tabassoloff.com
E-mail: jsilver@tabassoloff.com

b.        For Skypatrol Florida:
Todd Ruskamp, Esquire
Shook, Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, MO 64108
Tel: (816) 474-6550
E-mail: turskamp@shb.com

c.        For Rubin and Topp:
Ross Hartog, Esquire
Markowitz, Ringel, Trusty & Hartog, P.A.
101 NE Third Avenue, Suite 1210
Fort Lauderdale, FL 33301
Tel: (305) 670-5000
E-mail: rhartog@mrthlaw.com

d.        For Laird:
Mark A. Bogdanowicz, Esquire
Thomas H. Walters, Esquire
Howard and Howard, PLLC
211 Fulton Street, Suite 600
Peoria, IL 61602

8

E-mail: mbogdanowicz@HowardandHoward.com
E-mail: twalters@HowardandHoward.com

11.      **REPRESENTATION AND WARRANTIES**:  Each of the Settling Parties represent and warrant that: (i) they have full power and authority to negotiate, enter into, execute and perform the terms and provisions of this Stipulation; (ii) the execution of this Stipulation does not put said Settling Party in violation of any agreements to which it is a party; and (iii) this Stipulation is duly executed and delivered by each of the Settling Parties and constitutes a legal, valid, and binding obligation enforceable in accordance with the terms hereof.

12.      **CHOICE OF LAW**:  This Stipulation shall be governed by, construed, and enforced in accordance with the Bankruptcy Code and, as may be applicable, the laws of the State of Florida, without regard to conflict of law principles.

13.      **BANKRUPTCY COURT'S RETENTION OF JURISDICTION**: The Settling Parties agree that the above-captioned Bankruptcy Court shall retain jurisdiction over the Settling Parties, subject matter, interpretation, effectuation, and enforcement of the terms of this Stipulation.

14.      **ENTIRE AGREEMENT**:  This Stipulation constitutes the entire agreement of the Settling Parties as to the subject matter addressed herein.  The undersigned acknowledge that there are no communications or oral understandings contrary, different, or that in any way restrict this Stipulation, and that all prior agreements or understandings within the scope of the subject matter of this Stipulation are, upon the execution and delivery of this Stipulation, superseded, null, and void.

15.      **MODIFICATIONS**:  This Stipulation may not be modified or amended in any respect whatsoever, except by a writing signed by all of the Settling Parties.

9

16.      **WAIVER**:  To the extent that they are not otherwise required by law, any or all of the conditions for making this Stipulation effective may only be waived by written agreement of the Settling Parties.  However, the agreement to waive any condition or to waive a condition in any particular instance shall not be construed as an agreement to waive any other condition or to waive a condition in any other instance.

17.      **CONSTRUCTION AND HEADINGS**:  In giving meaning to this Stipulation, the singular shall be held to include the plural, the plural shall be held to include the singular.  The division of this Stipulation into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Stipulation.

18.      **BINDING EFFECT**:  This Stipulation, upon execution, is binding upon the Settling Parties hereto, their heirs, successors, and assigns.

19.      **ASSIGNABILITY**:  This Stipulation may not be assigned by any Settling Party to any other person or entity without the prior written agreement of each of the other Settling Parties.

20.      **NO SEVERABILITY**:  If any part of this Stipulation is deemed to be invalid in any court of law, the remaining provisions of this Stipulation will thereby also be rendered invalid and of no effect, and may not be enforced.

21.      **ENFORCEMENT**:  Each party may enforce this Stipulation as a valid contract, and may obtain any lawful remedy including injunctive relief enforcing the Stipulation.  In the event that it is necessary for any Settling Party to undertake any action to enforce the terms of this Stipulation, the prevailing party shall be entitled to

recover its reasonable attorneys' fees and costs incurred in enforcing its rights under this Stipulation from any non-prevailing party in that action.

22.        **ADVICE OF COUNSEL**: Each of the Settling Parties acknowledge that they have been represented by counsel of their own choice in the negotiations leading up to the execution of this Stipulation and that they have read this Stipulation and have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect of the same, and each Settling Party has had it fully explained to them by their counsel and understands the terms and provisions of this Stipulation and its nature and effect. Each Settling Party further represents that they are entering into this Stipulation freely and voluntarily, relying solely upon its independent business judgment and advice of their own counsel, and not relying on the representation of, or inducement from, any other party.

23.        **NEUTRAL INTERPRETATION**:  This Stipulation has been prepared after negotiations between the Settling Parties hereto, and if any ambiguity is contained herein, then in resolving such ambiguity, no weight shall be given in favor of or against any party on account of its drafting of this Stipulation.

24.        **CONSIDERATION**:  The Settling Parties hereto acknowledge and agree that each is foregoing certain rights and assuming certain duties and obligations, which, but for this Stipulation, would not have been foregone or assumed.  Accordingly, the Settling Parties agree that this Stipulation is fully and adequately supported by consideration and is fair and reasonable in all of its terms.

25.    <u>COUNTER-PARTS</u>:  This Stipulation may be executed in counterparts which, taken together, shall constitute one and the same agreement, and PDF and facsimile signatures shall be considered originals.

26.    <u>ATTORNEYS' FEES AND COSTS</u>:  Except as otherwise provided herein, each of the Settling Parties agrees to bear its own respective attorneys' fees, costs and expenses incurred in regard to all matters arising out of relating to the Bankruptcy Case, including without limitation the negotiating, drafting, finalizing and obtaining Bankruptcy Court approval of this Stipulation.

27.    <u>BEST EFFORTS</u>:  The Settling Parties shall use their best efforts to obtain Bankruptcy Court approval of this Stipulation and to effectuate the terms and conditions of the settlement as set forth herein.  Without limiting the foregoing, the Settling Parties shall not take, or cause any persons or entities to take, any actions calculated or intended to decrease the likelihood of obtaining such approval or to frustrate the purpose of this Stipulation.

28.    <u>FURTHER COOPERATION</u>:  The Settling Parties shall further cooperate with each other and execute any additional documents which are reasonable and necessary to achieve the settlement described herein.

*[Remainder of Page Intentionally Blank]*

Dated this ___3RD___ day of May, 2018.

Skypatrol, LLC, a Delaware limited
liability company
By: ___ROBERT D. RUBIN___
Its: ___CEO___

Dated this ___3RD___ day of May, 2018.

Robert Rubin

Dated this ___3RD___ day of May, 2018.

Skypatrol, LLC, a Florida limited liability
company
By: ___ROBERT D. RUBIN___
Its: ___CEO___

Dated this ___4th___ day of May, 2018.

Laird Technologies, Inc.
By: ___TAMI JOHANSON___
Its: ___VP ASSISTANT GENERAL COUNSEL___

Dated this _____ day of May, 2018.

David Topp

13

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                          CASE NO.: 17-24842-BKC-RAM
                                                Chapter 11
**SKYPATROL, LLC**

      Debtor-In-Possession.

_____/

### ORDER GRANTING DEBTOR'S MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY BETWEEN THE DEBTOR, SKYPATROL FLORIDA, <u>ROBERT RUBIN, DAVID TOPP AND LAIRD TECHNOLOGIES, INC.</u>

**THIS MATTER** having come before the Court upon *Debtor's Motion to Approve Stipulation to Compromise Controversy Between the Debtor, Skypatrol Florida, Robert Rubin, David Topp and Laird Technologies, Inc.* (the "Motion") [ECF      ], and the Court, having reviewed the Motion, the Stipulation[1] attached to the Motion, having noted that no objections to or requests for hearing on the Motion have been filed, and the movant,

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.



EXHIBIT
"B"

by submitting this form of Order, having represented that the Motion was served on all parties required by Local Rule 9013-1(D), that the 21-day response time provided by that rule has expired, that no one has filed, or served on the movant, a response to the Motion, and that the form of Order was attached as an exhibit to the Motion, finds:

A.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and authority to enter this Order pursuant to 11 U.S.C. § 105(a).

B.    The form and means of the notice of the Stipulation and the Motion are hereby determined to have been the best notice practicable under the circumstances and to be good and sufficient notice to all persons whose interests would or could be affected by this Order.

C.    The Court has been apprised of the negotiations that preceded the Stipulation and finds that the Stipulation is a result of arms-length bargaining amongst the Settling Parties and represents a good faith compromise and resolution of the matters settled.  There is no evidence that the Stipulation is the result of collusion among the Settling Parties or that there has been any intent to prejudice the persons who, or the entities which, will be subject to this Order.

D.    The legal and factual bases set forth in the Motion establish that the Stipulation represents a fair, reasonable, and adequate resolution of the matter in dispute among the Settling Parties, and in light thereof, the Court finds that the Stipulation, including but not limited to the release provisions in Paragraphs 8 and 9 of the Stipulation, is fair and equitable with respect to creditors in this bankruptcy case, and is in the best interest of this bankruptcy estate and otherwise meets the criteria set forth in *Wallis v. Justice Oaks II, Ltd.* (In re *Justice Oaks II, Ltd.*), 898 F.2d 1544 (11th Cir. 1990).

2

Accordingly, it is

      **ORDERED** as follows:

      1.     The Motion is granted.

      2.     The compromise and settlement is approved on the terms and conditions set forth in the Motion and the Stipulation attached to the Motion.

      3.     The Court incorporates the terms of the Stipulation into this Order and retains jurisdiction to enforce or interpret the terms thereof.

# # #

Submitted by:

Joshua D. Silver
Tabas & Soloff, P.A.
Counsel for the Debtor
25 S.E. 2nd Avenue, Suite 248
Miami, Florida 33131
Telephone: (305) 375-8171
Facsimile: (305) 381-7708
Email:  jsilver@tabassoloff.com

Copy furnished to:

Joshua D. Silver
Joshua D. Silver is hereby directed to serve copies of this Order on all interested parties and file a Certificate of Service.

17-24842-RAM
Skypatrol, LLC
3055 N.W. 84th Avenue
Miami, FL 33122-1921

17-24842-RAM
Agility Logistics Corp
5496 Paysphere Cir
Chicago, IL 60674-0054

17-24842-RAM
American Express
P.O. Box 981542
El Paso, TX 79998-1542

17-24842-RAM
Beacon Law Group, LLC
470 Atlantic Ave., #400
Boston, MA 02210-2208

17-24842-RAM
Brad Ponsford
c/o Gavin P. Kassel, Esq.
334 West Third St., #207
San Bernardino, CA 92401-1828

17-24842-RAM
Bunstine, Watson, McElroy
First Tennessee Plaza
800 South Gay St., #2001
Knoxville, TN 37929-9710

17-24842-RAM
Claudia Gonzalez
16444 SW 66th Street
Miami, FL 33193-5613

17-24842-RAM
Coffey Burlington
2601 S. Bayshore Dr., PH
Miami, FL 33133-5419

17-24842-RAM
Comcast
PO BOX 37601
Philadelphia, PA 19101-0601

17-24842-RAM
David Schmidt
24252 Ontario Ln
Lake Forest, CA 92630-1919

17-24842-RAM
David Topp
2627 S. Bayshore Drive, #605
Miami, FL 33133-5439

17-24842-RAM
Donald Mausar
Weltman, Weinberg & Reis
323 W Lakeside Ave., 200
Cleveland, OH 44113-1009

17-24842-RAM
Employment Development Dept.
POB 826215 MIC 3A
Sacramento, CA 94230-6215

17-24842-RAM
Endeavor Miami, Inc
121 Alhambra Plaza, #1605
Miami, FL 33134-4540

17-24842-RAM
Expressway Motorcars, Inc.
9775 NW 12 St.
Miami, FL 33172-2787

17-24842-RAM
Federal Express
P.O. Box 660481
Dallas, TX 75266-0481

17-24842-RAM
Five9
4000 Executive Pkwy., #400
San Ramon, CA 94583-4206

17-24842-RAM
Florida Department of Revenue
5050 W. Tennessee St
Tallahassee, FL 32399-0100

17-24842-RAM
Florida Department of Revenue
Attn: Maritza Bolano-Moya
8175 NW 12th Street
Suite 119, Miami, FL  33126

17-24842-RAM
Gerson Preston Robinson, CPA
4770 Biscayne Boulevard, Suite 400
Miami, FL 33137

17-24842-RAM
Honorable Benjamin G. Greenberg
United States Attorney
99 NE 4 St
Miami, FL 33132-2145

17-24842-RAM
Honorable Jefferson Sessions
Attorney General of the United States
950 Pennsylvania Ave, NW, #4400
Washington, DC 20530-0001

17-24842-RAM
IOTM Solutions Ltd.
32 Zalman Shneur
Ramat Hasharon,  47239 Israel

17-24842-RAM
Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia Pa 19101-7346

17-24842-RAM
JAMS, Inc.
PO Box 845402
Los Angeles, CA 90084-0012

17-24842-RAM
Jackson Lewis P.C.
PO BOX 416019
Boston, MA 02241-6019

17-24842-RAM
Ken Wiesner
1036 Lexington Avenue
Broomfield, CO 80023-9363

17-24842-RAM
Kopelowitz Ostrow Ferguson
1 West Las Olas Blvd., #500
Fort Lauderdale, FL 33301-1928

17-24842-RAM
Kore
3700 Mansell Rd., #250
Alpharetta, GA 30022

17-24842-RAM
Laird Technologies
62722 Collections Center Dr.
Chicago, IL 60693-0627

17-24842-RAM
Law Offices of Kenneth Freed
14226 Ventura Blvd.,
PO Box 5914
Sherman Oaks, CA 91413-5914

17-24842-RAM
Lawrence A. Jones
751 NE 4th Ave
Fort Lauderdale, FL 33304-2681

17-24842-RAM
Lerman & Lerman
Flagler Station Building
48 E. Flagler Street, PH 101
Miami, FL 33131-1012

17-24842-RAM
Lott & Fischer
255 Aragon Avenue, Third FL
Miami, FL 33134-5054

17-24842-RAM
Martin L. Nathan
2699 S. Bayshore Drive, FL 7
Miami, FL 33133-5408

17-24842-RAM
Mercedes Benz Credit
POB 685
Roanoke, TX 76262-0685

17-24842-RAM
Michael Guzzardi
11426 S. Belmont Dr.
Plainfield, IL 60585-6130

17-24842-RAM
Montt & CIA. S.A.
1700 Los Conquistadores Ave 11
11th Floor
Providencia Santiago,   753012  CHILE

17-24842-RAM
Morrison & Foerster, LLP
755 Page Mill Road
Palo Alto, CA 94304-1061

17-24842-RAM
Morrison & Foerster, LLP
c/o Harvey W. Gurland, Jr.
200 S. Biscayne Blvd., Suite 3400
Miami, FL 33131-5323

17-24842-RAM
Nissan Motor Acceptance Corp.
PO Box 740596
Cincinnati, OH 45274-0596

17-24842-RAM
North Carolina Dept of Commerce
Division of Unemployment
POB 26504
Raleigh, NC 27611-6504

17-24842-RAM
Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

17-24842-RAM
Original Rubins Land Corp.
13040 Old Cutler Road
Miami, FL 33156-6466

17-24842-RAM
Platinum Financial Trust, LLC
2801 Fairview, Suite W
Greenwood, IN 46142-1339

17-24842-RAM
Position Logic LLC
2343 Vanderbilt Beach Rd., #616
Naples, FL 34109-2777

17-24842-RAM
Reginald G. Ponsford, IV
2042 Flamingo Dr.
Costa Mesa, CA 92626-4722

17-24842-RAM
Regus Management Group, LLC
PO Box 842456
Dallas, TX 75284-2456

17-24842-RAM
Robert D. Rubin
3055 NW 84 Ave
Miami, FL 33122-1921

17-24842-RAM
Trebuchet Corp. Trust
c/o Robert Leeds, Trustee
1035 Park Ave.
New York, NY  10028

17-24842-RAM
Robert Rubin
13040 Old Cutler Rd.
Miami, FL 33156-6466

17-24842-RAM
Rogers
40 Weber Street East, 5th Floor
Kitchener, ON  N2H 6H3  CANADA

17-24842-RAM
Rogers Wireless Partnership
1 Mount Pleasant, 12th Floor
Toronto, ON M4Y2Y5

17-24842-RAM
Royal New Group d/b/a Royal Media Group
8 West 38th Street, Room 901
New York, NY 10018-6229

17-24842-RAM
Sax Willinger & Gold
5801 NW 151 St., #307
Hialeah, FL 33014-2476

17-24842-RAM
Sean Graham
51 Rue St. Tropez
Miramar Beach, FL 32550-7158

17-24842-RAM
Shook Hardy & Bacon, LLP
2555 Grand Boulevard
Kansas City, MO 64108-2613

17-24842-RAM
Sure-Trac, LLC
2450 Atlanta Hwy., #203
Cumming, GA 30040-1251

17-24842-RAM
T Mobile
PO Box 53410
Bellevue, WA 98015-3410

17-24842-RAM
Telegraph Hill Advisors
535 Mission Street, 14th FL
San Francisco, CA 94105-3253

17-24842-RAM
Telefonica USA, Inc.
1111 Brickell Ave., 10th FL
Miami, FL 33131

17-24842-RAM
Telenor Connexion AB
Snaroyveien 30
N-1331
Fornebu, Norway

17-24842-RAM
Tesla Finance LLC
POB 4387
Portland, OR 97208-4387

17-24842-RAM
Thomas H. Walters
Howard & Howard Attorneys PLLC
450 W Fourth St.
Royal Oak, MI 48067-2557

17-24842-RAM
Thompson & Knight LLP
1722 Routh St., #1500
Dallas, TX 75201

17-24842-RAM
Topp Group, Inc.
3055 NW 84 Ave
Miami, FL 33122-1921

17-24842-RAM
Topp Investments
3055 NW 84 Ave
Miami, FL 33122-1921

17-24842-RAM
Topp Labels, LLC
3055 NW 84 Ave
Miami, FL 33122-1921

17-24842-RAM
Topp, Inc.
3055 NW 84 Ave
Miami, FL 33122-1921

17-24842-RAM
VBI Group
c/o MEI Auto Finance, Inc.
108 N. Collins Street
Arlington, TX 76011-7316

Verizon Wireless
PO Box 660108
Dallas, TX 75266-0108

17-24842-RAM
Vodafone Global Enterprise Ltd.
Vodafone House
The Connection, Newbury
RG14 2FN
United Kingdom

17-24842-RAM
Illinois Dept. of Employment Security
P.O. Box 19299
Springfield, IL 62794-9300

17-24842-RAM
William Northrup
611 Whittier Rd
Spencerport, NY 14559-9742

17-24842-RAM
Blackhill USA Corp
2642 SW 153 Path
Miami, FL 33185-4863

17-24842-RAM
EarthLink Business
Deltacom 1058
PO Box 2252
Birmingham, AL 35246-0031

17-24842-RAM
Simplex Grinnell
10550 Commerce Parkway
Hollywood, FL 33025-3913

17-24842-RAM
Iridium Satellite LLC
PO Box 37542
6200 Chevy Chase Drive
Baltimore, MD 21297-3542

17-24842-RAM
Prysma Technologies
155 Sunrise Pkwy
Mountainside, NJ 07092-2912

17-24842-RAM
Queclink Wireless Solutions, Ltd
Adam Liao
Room 501, Bldg. 9
99 Tianzhou Road, Shanghai 200233
China

17-24842-RAM
Ship ESC
PO Box 527622
Miami, FL 33152-7622