UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                              CASE NO.: 17-24842-BKC-RAM
                                                    Chapter 11
**SKYPATROL, LLC**

    Debtor-In-Possession.
_____/

## SUBPOENA FOR RULE 2004 EXAMINATION *DUCES TECUM*

**TO:**    **Manuel Pozas**
          **16273 SW 54th Terrace**    **- AND -**    **16237 SW 78th Ter**
          **Miami, Florida 33185-5005**         **Miami FL 33193-3424**

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this proceeding. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in the attachment.

| PLACE | DATE AND TIME |
|---|---|
| **Tabas & Soloff, P.A.**<br>**25 S.E. 2nd Avenue, Suite 248**<br>**Miami, Florida 33131** | **June 7, 2018 at 1:00 p.m.** |

The examination will be recorded by this method: *Certified Court Reporter*

☒ *Production:* **YOU ARE COMMANDED** to produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the materials:

***Please produce the items specified in Schedule "A" attached hereto on or before the below date.***

| PLACE | DATE AND TIME |
|---|---|
| **Tabas & Soloff, P.A.**<br>**25 S.E. 2nd Avenue, Suite 248**<br>**Miami, Florida 33131** | **June 1, 2018 by 12:00 p.m.** |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Dated:  **May 11, 2018.**

      CLERK OF COURT

_____    OR    _____
*Signature of Clerk or Deputy Clerk*          *Attorney's Signature*

CASE NO.: 17-24842-BKC-RAM

The name, address, email address, and telephone number of the attorneys representing **the Debtor** who issues or requests this subpoena, are:

Joshua D. Silver
Florida Bar No. 100022
Tabas & Soloff, P.A.
Attorneys for Debtor
25 S.E. 2nd Avenue, Suite 248
Miami, Florida 33131
Telephone: (305) 375-8171
Facsimile: (305) 381-7708
E-mail:jsilver@tabassoloff.com

**Notice to the Person who Issues or Requests this Subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45)**

I received this subpoena for (name of individual and title, if any): **Manuel Pozas** on _____ _____(date)**.**

☐ I served the subpoena by delivering a copy to the named person as follows:
_____
_____
_____

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $40.00.

My fees are $ _____ for travel and $ _____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date:

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information concerning attempted service, etc.

**Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
 (i) is a party or a party's officer; or
 (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
 (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
 (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.
 (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
 (i) disclosing a trade secret or other confidential research, development, or commercial information; or

 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
 (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
 (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
 (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
 (i) expressly make the claim; and
 (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

**Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)
• Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
• The party serving the subpoena should make reasonable provisions for prompt access.
• The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

# I. DEFINITIONS

**THE FOLLOWING DEFINITIONS SHALL APPLY TO THIS *DUCES TECUM* REQUEST:**

1. Whenever reference is made to a person or legal entity, it includes any and all of such person's or entity's past and present affiliates, officers, directors, agents, partners, associates, servants, employees, attorneys, representatives, consultants, accountants, investigators, predecessors, successors, assigns and/or any other person or entity acting on, or purporting to act on, its behalf.

2. "You" or "Your" means Manuel Pozas and his agents, attorneys, accountants, representatives and/or any other person or entity acting on, or purporting to act on, Your behalf.

3. "Debtor" or "Skypatrol" means Skypatrol, LLC and its past or present affiliates, members, officers, directors, agents, partners, associates, servants, employees, representatives, attorneys, accountants, consultants, investigators, predecessors, successors, assigns, and/or any other person or entity acting on, or purporting to act on, its behalf.

4. "Petition Date" means December 13, 2017.

5. "Petition" means the voluntary Chapter 11 bankruptcy petition filed by the Debtor on December 13, 2017, which commenced this case.

6. The term "interest" as used herein includes, but is not limited to, a sole or aggregation of rights, privileges, and powers to hold, possess, control, influence, exclude, or benefit from. It includes any legally recognized right conferred upon an owner, shareholder, director, partner, limited partner, or by any other interest, legal or equitable, which allows the holder to control or otherwise influence or benefit from an entity or real or personal property.

7.  The terms "document" and "documents" mean any and all items referred to as "documents" in Fed. R. Civ. P. 34, and as "writings" and "recordings" in Rule 1001 of the Federal Rules of Evidence and in the Florida Evidence Code.  By way of example and without limitation, the terms "document" and "documents" include the original, all drafts, and all non-identical copies, regardless of origin or location, of the following: notes, correspondence, internal communications, telegrams, cables, telexes, e-mail, ledger books, contracts, statements, memoranda, summaries of records of conversations, diaries, reports, charts, tags, stickers, labels, cartons, boxes, art work, mockup labels, films, video tapes, audio tapes, phonograph records, compact disks, digital video disks, drawings, graphs, photographs, microfilm, minutes or records of meetings, reports and/or summaries of interviews or investigations, opinions and/or reports and/or studies of experts or consultants, agreements, reports and/or studies from County personnel, legislative, administrative and/or policy documents, including but not limited to, ordinances, resolutions, administrative orders or memoranda, notebooks, letters, advertisements, promotional literature, trade letters, press releases, proxy statements, prospectuses, stock certificates, books of account, ledgers, invoices, financial statements, purchase orders, receipts, canceled checks and any other data compilations from which information can be obtained or translated through detection devices into usable form. The term "document" shall include data stored, maintained or organized electronically, magnetically or through the use of computer equipment, translated, if necessary, into reasonably usable form.

8.  "Communication" is used in its broadest sense and includes, but is not limited to, any oral or written transmittal of information or request for information made from one person to another, whether made in person, by telephone, email, or by any other means, or a document as defined above, made for the purpose of recording a communication, idea, statement, opinion, or belief.

9. "Reflecting," "referring to," "relating to," and "reflecting, referring and/or relating to," mean evidencing, discussing, defining, mentioning, pertaining to, consisting of, reflecting, concerning, recording, evaluating, or in any way logically or factually connected with the matter discussed or to which reference is made.

10. "And" and "or" shall be construed in the conjunctive or disjunctive as necessary to bring within the scope of the Request all responses that might otherwise be construed as outside its scope.

11. "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each."

12. "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

13. "Including" shall be construed to include the phrase "without limitation."

14. "Person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

15. "Year" means calendar year.

16. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

17. Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

18. Unless another time period is specified, this *duces tecum* request is addressed to documents created since December 13, 2013, and ending on the date of compliance with this *duces tecum* request.

[*Schedule "A" on Following Page*]

CASE NO.: 17-24842-BKC-RAM

## II. SCHEDULE "A"

**PLEASE PROVIDE:**

1. The usernames and passwords to access the source code on the Debtor's legacy platform, in Your possession, custody or control.

2. The usernames and passwords to access the Debtor's routers, servers and switches, in Your possession, custody or control.

**The Debtor reserves the right to request additional documents as its investigation continues, as the Examination proceeds, as additional issues are uncovered, and as clarifications are required.**